**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VARDA FRIEDMAN,
an individual,

                      Plaintiff,

vs.

NORTHSTAR LOCATION SERVICES, LLC,
a New York limited liability company,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUDGE BRICCETTI

13 CV 3002

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for damages pursuant to 15 U.S.C. §1692 *et seq.* (the "FDCPA"). The FDCPA broadly prohibits unfair or unconscionable debt collection methods; conduct which harasses, oppresses or abuses any debtor and any false, deceptive or misleading statements, in connection with the collection of a debt. In the instant matter, Defendant's acts in connection with collection of the alleged underlying debt failed to comply with one or more of the mandated requirements of the aforesaid federal statute.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692.

3. Venue and personal jurisdiction over the parties arises in this district because the events or omissions giving rise to the claim occurred here, and the Defendant transacts business here.

## THE PARTIES

4. Plaintiff, VARDA FRIEDMAN, is a natural person who resides in the village of Airmont, in Rockland County, New York.

5. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant, NORTHSTAR LOCATION SERVICES, LLC is a New York limited liability company whose principal office is located at 285 Genesee Street, Cheektowaga, New York 14225.

7. Defendant is a collection agency licensed by the Department of Consumer Affairs, the City of New York License # 1179143, and a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTS

8. On or about May 1, 2012, Defendant sent or caused to be sent through the mails a debt collection letter addressed to Plaintiff at her residence in Airmont, New York. Plaintiff received the letter a reasonable time thereafter. Defendant's May 1, 2012 letter is attached hereto as **Exhibit A**.

9. According to its debt collection letter, Defendant sought to collect from Plaintiff a debt asserted to be owed or due another - namely, BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS.

10. The debt at issue arose from a series of transactions the subject of which was primarily for personal, family, or household purposes - a debt within the meaning of 15 U.S.C. § 1692a(5).

11. Defendant's debt collection letter included a statement informing Plaintiff that if she notified the Defendant in writing within 30 days of receipt of the letter that she disputed the

validity of the debt or any portion thereof, Defendant would obtain verification of the debt or a copy of a judgment and mail her a copy of such judgment or verification.

12. Plaintiff, consistent with the foregoing notice, sent a timely written notification to Defendant, informing Defendant that she disputed the validity of the debt.

13. On or about May 10, 2012, in response to Plaintiff's dispute, Defendant sent Plaintiff a letter advising her that Defendant was in receipt of her "request for information." (Notably, and consistent with Defendant's conduct as alleged herein, Defendant refuses to characterize Plaintiff's dispute as a dispute) Defendant's May 10, 2012 letter is attached hereto as **Exhibit B**.

14. The letter of May 10, 2012 is a "communication," subsequent to Defendant's "initial communication" letter of May 1, 2012. 15 U.S.C. § 1692a(2).

15. Defendant's letter of May 10, 2012 did not contain verification of the debt, nor did it contain a copy of a judgment. Instead, the letter informed Plaintiff, *inter alia*, that it could "take up to or exceed 30 days" to acquire the requested information, at which point the information would be forwarded for her review.

16. Defendant's letter of May 10, 2012, despite the fact that it did not contain verification of the debt, nor a copy of a judgment, also instructed Plaintiff that she could go to Defendant's website https://www.gotonls.com **to make a payment.**

17. Further, Defendant's letter of May 10, 2012, despite the fact that it did not contain verification of the debt, nor a copy of a judgment, also suggested to Plaintiff that she contact the Defendant at their toll free number or by fax **"to negotiate a settlement and / or payment plan prior to receiving the requested information."**

18. Finally, Defendant's letter of May 10, 2012, despite the fact that it did not contain verification of the debt, nor a copy of a judgment, also advised Plaintiff, **"This is an attempt to collect a debt."**

19. The FDCPA states:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt**, or any disputed portion thereof, **until the debt collector obtains verification of the debt or any copy of a judgment**, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." (emphasis added)

15 U.S.C. § 1692g(b)

20. A debt collector, in communications subsequent to the initial communication, is required to inform the consumer that the communication is from a debt collector. 15 U.S.C. §1692e(11).

21. A debt collector, in communications subsequent to the initial communication is **not** required to inform the consumer that **"this is an attempt to collect a debt."**

22. The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability. *Woods v. Sieger, Ross & Aguire, LLC*, No. 11-Civ-5698 (S.D.N.Y., May 18, 2012).

23. Any potential bona fide error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA must fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (2010).

## COUNT I

## VIOLATIONS OF THE FDCPA

24. The allegations of paragraphs 1 through 23 are incorporated herein by reference.

25. By instructing Plaintiff after a timely dispute and prior to providing verification of the debt that she can go to Defendant's website https://www.gotonls.com **to make a payment**, Defendant failed to cease collection of the debt as required by §1692g(b).

26. By suggesting to Plaintiff after a timely dispute and prior to providing verification of the debt that she contact the Defendant at their toll free number or by fax "**to negotiate a settlement and / or payment plan prior to receiving the requested information**," Defendant failed to cease collection of the debt as required by § 1692g(b).

27. By informing the Plaintiff in its letter of May 10, 2012 that "**this is an attempt to collect a debt**," Defendant's own objective representation unequivocally conveyed to the Plaintiff that despite failing to provide verification or a copy of a judgment, Defendant's letter of May 10, 2012 was an attempt to collect a debt.

28. Defendant's letter of May 10, 2012 violates 15 U.S.C. § 1692g(b) in that it constitutes continued collection activity after a timely dispute, and prior to the mailing of verification or copy of a judgment.

29. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of the Plaintiff and against Defendant for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k ;

    b. Attorney's fees and costs of bringing this action;

    c. Such other or further relief as the Court deems proper.

**KLEINMAN LLC**

*/s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone   (516) 522-2621
Facsimile    (888) 522-1692
E-mail:    akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*/s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)

**EXHIBIT A**

4285 Genesee Street
Cheektowaga, NY 14225-1943

**NORTHSTAR
LOCATION SERVICES, LLC**
1-866-610-2726
Hours Mon-Thur 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-2PM ET

May 1, 2012

| Creditor: | BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS |
|---|---|
| Account Number: | ************2680 |
| Balance Due: | $11,697.92 |
| Amount Remitted: | $ |

201200000251591-PL1    *A-01-ZWK-AM-00799-4

VARDA FRIEDMAN
34 REGINA RD
AIRMONT NY 10952-4537

NORTHSTAR LOCATION SERVICES, LLC
ATTN: FINANCIAL SERVICES DEPT.
4285 GENESEE ST
CHEEKTOWAGA NY 14225-1943

---

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance Due | Amount Remitted |
|---|---|---|---|
| BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS | ************2680 | $11,697.92 | |

The above account has been referred to our office by BARCLAYS BANK DELAWARE in a pre-legal status. Please be advised that our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE. who will forward the account to an attorney network. Your account is listed as delinquent with a total amount due of $11,697.92.

This does not alter or amend your validation rights as described below.

Federal law requires that we inform you this communication is from a professional debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-610-2726
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact a Northstar Account Representative toll free at 1-866-610-2726 or direct dial our Remittance Department at 1-866-610-2726 to make your payment.


ACA

Payment website: http://www.gotonls.com



Presorted
U.S. Postage Paid
Permit
1
FIRST CLASS MAIL

4285 Genesee Street
Cheektowaga, NY 14225-1943

May 1, 2012

20120000251591-PL1     *A-01-ZWK-AM-00799-4
VARDA FRIEDMAN
34 REGINA RD
AIRMONT NY 10952-4537

**EXHIBIT B**

4285 Genesee Street
Cheektowaga, NY  14225-1943

RETURN SERVICE REQUESTED

NORTHSTAR
LOCATION SERVICES, LLC
1-866-610-2726
Hours Mon – Thurs 8AM – 10PM ET
Fri 8AM – 8PM ET
Sat 8AM – 2PM ET

May 10, 2012

201200000251591
VARDA FRIEDMAN
34 REGINA RD
AIRMONT NY 10952

Creditor: BARCLAYS BANK DELAWARE/BARCLAYCARD REWARDS
Account # ending in 2680
Balance: $11,697.92

Dear Varda Friedman:

Please be advised that we have received your request for information on the above notated account. Please also note that the account has been placed on hold until the requested information has been received from the creditor.

Although we realize that this information is of the utmost importance, we must inform you that this request can take up to or exceed 30 days. Upon receipt, these documents will be forwarded for your review. After you have reviewed this information, we ask that you contact our office to discuss this account. You may also visit our website at https://www.gotonls.com to make a payment.

If you should have any questions or would like to negotiate a settlement and / or payment plan prior to receiving this information, please contact our office toll free at 1-866-610-2726 or by fax at 1-716-565-6928.

Federal law requires we inform you this communication is from a professional debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

This collection agency is licensed by the Department of Consumer Affairs, the City of New York License #1179143.

Sincerely,

Northstar Location Services, LLC


ACA